UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

KEVIN LEE GAYLES,           )
                            )
          Plaintiff,        )
                            )
     vs.                    )  Case No. 2:14-cv-26-JMS-WGH
                            )
STACY, Chaplain,            )
                            )
          Defendant.        )

**Entry Discussing Recent Filings, Identifying Viable Claim
and Directing Further Proceedings**

Plaintiff Kevin Lee Gayles, currently an inmate at the Putnamville Correctional Facility, alleges that Chaplain Stacy and Chief Robinson violated his civil rights while he was confined at the Marion County Jail. Gayles' complaint was dismissed for the reasons explained in the Entry of February 10, 2014. He was given a period of time in which to show cause why Judgment should not issue. In response, Gayles filed eight documents including an amended complaint and motion to amend and clarify. See dkts. 8-16. These filings are now considered by the Court.

First, the motion to amend [dkt. 16] is **granted** to the extent that the amended complaint is understood to seek $1.4 million in punitive damages and $1.4 million in compensatory damages.

Second, the amended complaint is a near duplication of the original complaint and fails to correct the deficiencies noted in the Entry of February 10, 2014.[1] However, contained within the

---

[1] Specifically, the claim that Chief Robinson's negligence resulted in Gayles' inability to complete the administrative remedies process in violation of his due process rights fails to state a claim

additional filings, specifically the amended notice of tort claim filed on March 4, 2014, [dkt. 10] are additional factual allegations which could support a single viable claim for relief.

That claim is the following:

On January 6, 2013, plaintiff Kevin Lee Gayles, a black man, was incarcerated at the Marion County Jail. On that day, Gayles and two other inmates left religious services in the Chapel to use the restroom. Upon their return, Chaplain Stacy allowed the two white inmates to re-enter the Chapel. Gayles, however, was denied re-entry and was sent to segregation and charged with a disciplinary offense. Gayles was instructed not to attend any future religious services or programs. These allegations, read liberally, are sufficient to state a Fourteenth Amendment, equal protection claim against the Chaplain in his individual capacity. *DeWalt v. Carter,* 224 F.3d 607, 620 n. 7 (7th Cir. 2000) (To state a Fourteenth Amendment claim plaintiff must allege that the defendants purposefully discriminated against him because of his identification with a particular group.).

No other viable federal or state law claims have been identified by the Court in Gayles' recent flurry of filings. Given these findings, the following steps shall be taken:

1. The **clerk is directed** to update the docket to reflect Chaplain Stacy as the sole defendant in this action.

---

upon which relief may be granted and is dismissed for the reasons explained in the Entry of February 10, 2014. *See also Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996) ("any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31(internal citations omitted)). As previously noted, however, Gayles allegations may be relevant if the defendant raises the affirmative defense of failure to exhaust administrative remedies. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

2. The plaintiff shall have **through April 29, 2014,** in which to notify the Court of any disagreement with the Court's assessment that only the single viable claim identified above is present in this action.

3. The **clerk is designated**, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendant in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the amended complaint and March 4, 2014 filings [dkts. 10-15], applicable forms and this Entry.

4. In filing an answer, Chaplain Stacy is only required to respond to the viable claim announced in this Entry.

**IT IS SO ORDERED.**

Date: 04/09/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN LEE GAYLES
DOC 850892
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Chaplain Stacy
730 E. Washington St.
Indianapolis, IN 46202